J-S41005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| HOMER RICHARD CLIFFORD, SR. | : | |
| | : | |
| Appellant | : | No. 28 EDA 2018 |

Appeal from the PCRA Order November 21, 2017
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-00035622011

BEFORE:   GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED AUGUST 01, 2018**

Appellant Homer Richard Clifford, Sr. appeals from the order of the Court of Common Pleas of Chester County dismissing his fourth petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546 as untimely filed.  We affirm.

On April 30, 2012, Appellant pled guilty to two counts of Involuntary Deviate Sexual Intercourse (IDSI, victim less than 13 years old), Corruption of Minors, and Endangering the Welfare of Children.  On October 11, 2012, Appellant was sentenced to an aggregate term of ten to twenty years' imprisonment and was determined to be a Sexually Violent Predator (SVP).

Appellant did not appeal, but instead attempted to file a post-sentence motion on November 13, 2012.  As this filing was submitted more than thirty days after the judgment of sentence, the lower court treated the filing as a PCRA petition and appointed Appellant counsel.  Thereafter, counsel sought to

_____
*   Former Justice specially assigned to the Superior Court.

withdraw under *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988). On April 24, 2013, the PCRA court issued notice of its intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907, but Appellant did not respond to the Rule 907 notice. On June 21, 2013, the PCRA court dismissed Appellant's petition and on November 26, 2013, this Court dismissed Appellant's appeal for the failure to file a brief.

On October 10, 2014, Appellant filed his second PCRA petition and was again appointed counsel, who ultimately sought to withdraw under *Turner* and *Finley*. On March 10, 2015, the PCRA court allowed counsel to withdraw and dismissed the petition. This Court affirmed the PCRA court's decision on November 30, 2015.

On February 8, 2016, Appellant filed a petition for writ of *habeas corpus*, which was treated as Appellant's third PCRA petition and subsequently dismissed on April 11, 2016. This Court affirmed the PCRA court's order on November 23, 2016 and the Supreme Court denied Appellant's petition for allowance of appeal on July 17, 2017.

On September 19, 2017, Appellant filed the instant *pro se* PCRA petition, arguing, *inter alia*, that the application of the lifetime registration requirement under Pennsylvania's Sex Offender Registration and Notification Act (SORNA) violates his constitutional rights. Appellant relies on *Commonwealth v. Muniz*, ___Pa.___, 164 A.3d 1189 (2017), in which the Supreme Court held that certain provisions of SORNA are punitive and retroactive application of

such requirements violates the ex post facto clauses of the federal and Pennsylvania constitutions.

On September 29, 2017, the PCRA court issued a notice of intent to dismiss, finding Appellant's petition to be untimely filed. Moreover, the PCRA court found the decision in *Muniz* is not applicable to Appellant who was subject to a lifetime registration requirement under Megan's Law II when he was convicted and sentenced and this registration requirement did not change with the enactment of SORNA. On October 23, 2017, Appellant filed a response to the Rule 907 notice. On November 21, 2017, the PCRA court dismissed the petition as untimely filed. This timely appeal followed.

Appellant contends that the PCRA court erred in finding the instant PCRA petition to be untimely filed. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa.Super. 2011) (citations omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of the three exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), which include: (1) the

petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

In this case, Appellant was sentenced on October 11, 2012 and did not file a direct appeal. As a result, the judgment of sentence became final on November 10, 2012, after the expiration of the thirty-day period to file a direct appeal to this Court. *See* Pa.R.A.P. 903(c)(3). Appellant had until November 10, 2013 to file a timely PCRA petition. Thus, this petition, which was not filed until September 19, 2017 is facially untimely.

Appellant's petition suggests he is attempting to invoke the statutory exception to the PCRA timeliness requirement in subsection 9545(b)(1)(iii): "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). Appellant argues that the instant petition should have been deemed timely as he filed the petition within sixty days of the decision in *Muniz*.

In a similar case, ***Commonwealth v. Murphy***, 180 A.3d 402 (Pa.Super. 2018), this Court found that an appellant could not rely on *Muniz* to invoke the PCRA timeliness exception under subsection 9545(b)(1)(iii)

when the appellant was convicted of sex-related offenses in 2007 and his sentence became final in July 2009. Specifically, this Court provided:

> Here, we acknowledge that **this Court** has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in *Rivera–Figueroa*), he must demonstrate that the **Pennsylvania Supreme Court** has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, [Murphy] cannot rely on *Muniz* to meet that timeliness exception.

*Murphy*, 180 A.3d at 405–406 (emphasis in original, footnote and some citations omitted).

Thus, this Court concluded in *Murphy* that the holding in *Muniz* is not applicable at this point to untimely-filed PCRA petitions. The *Murphy* court recognized that "if the Pennsylvania Supreme Court issues a decision holding that *Muniz* applies retroactively, [Murphy] can then file a PCRA petition, within 60 days of that decision, attempting to invoke the 'new retroactive right' exception of section 9545(b)(1)(iii)." *Id*. at 406 n.1. Appellant may follow the same procedure.

Accordingly, as Appellant's petition is untimely and he has not pled and proven that one of the PCRA timeliness exceptions applies, the PCRA court did not err in dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/1/18</u>